IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| FIFTH THIRD BANK, *an Ohio Banking Corporation*, | ) | Case No. 3:18-cv-143 |
|---|---|---|
| | ) | |
| | ) | JUDGE KIM R. GIBSON |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTWOOD ZAMIAS LIMITED PARTNERSHIP, | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

## MEMORANDUM OPINION

I. Introduction

Before the Court is Plaintiff Fifth Third Bank's ("Fifth Third") Motion to Compel Discovery Responses from Defendant Westwood Zamias Limited Partnership ("Westwood Zamias"). (ECF No. 26.) The Motion has been fully briefed (ECF Nos. 26, 27) and is ripe for disposition.

For the reasons that follow, the Court will **GRANT IN PART** and **DENY IN PART** Fifth Third's Motion to Compel Discovery Responses.

II. Background

This case arises from a contract dispute between Fifth Third and Westwood Zamias. (ECF No. 26 ¶¶ 1-6.)

In 2012, Westwood Zamias assigned specific economic rights to cash and other proceeds to Fifth Third under a Collateral Assignment of Economic Rights (the "Collateral Assignment"). (*Id.* ¶ 2.) On March 28, 2012, Westwood Zamias and Fifth Third entered into a Memorandum of Understanding and Side Agreement (the "Memorandum") in order to effectuate the terms of the

Collateral Assignment. (*Id.* ¶ 4.) The Memorandum and Collateral Assignment required Westwood Zamias to:

> distribute a minimum of 90% of excess cash flow to its partners and/or interest holders, or if Secured Party [Fifth Third] has exercised its rights under the Collateral Assignments then directly to Secured Party [Fifth Third], on a monthly basis after all reasonable and necessary property maintenance, operating expenses and taxes and any property reserves are funded.

(*Id.* ¶ 5 (alteration in original).) On June 8, 2018, Fifth Third exercised its rights under the Collateral Assignment. (*Id.* ¶ 6.) Fifth Third required Westwood Zamias to make "profit share distributions, accounts or other payments" to Fifth Third. (*Id.*)

On July 17, 2018, Fifth Third filed a Complaint to enforce the Collateral Assignment and Memorandum. (ECF No. 1.) Westwood Zamias filed an Answer to the Complaint on August 17, 2018. (ECF No. 7.) On October 12, 2018, Fifth Third served Requests for Admissions, Interrogatories, and Requests for Production (collectively, the "Discovery Requests") on Westwood Zamias. (ECF No. 26 ¶ 7.) Westwood Zamias sent its Objections and Responses to the Discovery Requests (collectively, the "Discovery Responses") on November 12, 2018. (*Id.* ¶ 8.) Fifth Third found Westwood Zamias's Discovery Responses to be improper and inadequate. (*Id.* ¶ 9.) After conferring, Westwood Zamias provided federal tax returns for 2012 through 2016[1] and electronic-storage disks that contained approximately 40,000 pages of documents to Fifth Third. (*Id.* ¶¶ 10-12.) The electronic-storage disks were originally produced by Fifth Third in separate litigation. (*Id.* ¶ 13.)

---

[1] Westwood Zamias indicates in its Response to the Motion that it inadvertently failed to attach the 2016 tax returns when it produced the 2012 through 2015 tax returns to Fifth Third. It has since corrected this error. (*See* ECF No. 27 ¶ 8 & n.1.)

2

On January 16, 2019, Fifth Third filed its Motion to Compel Discovery Responses. (ECF No. 26.) On January 23, 2019, Westwood Zamias filed a Response. (ECF No. 27.) The Court ordered oral argument on the Motion, which was held on February 11, 2019. (*See* ECF No. 34.)

In its Motion, Fifth Third seeks to compel production of (1) financial data from 2009 to 2019; (2) lease agreements between Westwood Zamias and its tenants from 2012 to 2019; and (3) a response to Interrogatory 6 regarding Westwood Zamias's financial institutions.[2] (ECF No. 26 ¶¶ 24-26, 31, 32, 34.)

In its Response (ECF No. 27), Westwood Zamias argues that it responded to the interrogatories to the extent required. (*Id.* ¶¶ 20-26.) Westwood Zamias also contends that it produced documents likely to lead to admissible evidence in the form of tax returns from 2012 to 2016.[3] (*Id.* ¶¶ 8, 29-30.) Moreover, Westwood Zamias asserts that (1) Fifth Third requests information that it already has in its possession and (2) Fifth Third has no right to financial documents prior to 2012 because such documents pre-date the Collateral Assignment and Memorandum and are thus beyond the scope of Fifth Third's Complaint. (*Id.* ¶¶ 29-31.) Westwood Zamias also states that the electronic-storage disks were not part of its Discovery Responses but rather were a "professional courtesy" provided to Fifth Third to demonstrate that Fifth Third possesses the information sought from Westwood Zamias. (*Id.* ¶ 24.)

---

[2] While the Motion addressed other Discovery Requests, the parties indicated at oral argument that many issues had been resolved without the Court's involvement. In this Memorandum Opinion, the Court will only address those issues that remained as of oral argument.

[3] Westwood Zamias agreed to supplement its Discovery Responses as additional federal tax returns become available. (ECF No. 27 ¶ 23.)

3

### III. Legal Standard

Federal Rule of Civil Procedure 26 provides the general framework for discovery in federal civil litigation. Rule 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." *See* Fed. R. Evid. 401. In determining whether discovery is proportional to the needs of the case, courts must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Rule 37 provides the mechanism to compel discovery from a person or party who refuses to provide discovery. The party moving to compel discovery under Rule 37 bears the initial burden of proving the relevance of the material requested. *See Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted). If the movant meets this initial burden, then the burden shifts to the party resisting discovery to establish that discovery of the material requested is inappropriate. *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The party resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. *See Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3d Cir. 1982).

## IV. Discussion

### A. Financial Data 2009 – 2019

Fifth Third seeks to compel production of financial data from Westwood Zamias for the period of 2009 to 2019. (ECF No. 26 ¶¶ 30-32.) However, Fifth Third did not demonstrate the relevance of financial data from prior to 2012.

At oral argument, Fifth Third argued that it seeks records from 2009 through 2011 to provide a "lookback period." The Court does not find a "lookback period" to be necessary or appropriate in this case. For information to be relevant, it must pertain to the Complaint's allegations. The allegations in the Complaint are limited to the timeframe after the parties entered into the Collateral Assignment in 2012. Thus, materials from prior to 2012 are beyond the scope of discovery. The appropriate timeframe for discovery is 2012 to 2019—the years after the parties entered into the Collateral Assignment and addressed by the Complaint.

In addition, even within the 2012 to 2019 time period, it is unclear that the materials that Fifth Third requests beyond federal tax returns are appropriate for discovery. Fifth Third maintained numerous financial agreements and business relationships with Westwood Zamias. It seems likely that Fifth Third possesses at least some of the requested financial records due to these relationships. Moreover, the electronic-storage disks produced by Westwood Zamias support the proposition that Fifth Third likely possesses the materials sought. (ECF No. 27 ¶ 24.) It would be inappropriate to compel production of documents that are already possessed by the party seeking discovery. Therefore, even if Fifth Third demonstrated relevance, Westwood Zamias has met its burden to resist this discovery.

5

Accordingly, the Court will **GRANT IN PART** and **DENY IN PART** Fifth Third's Motion to Compel Discovery Responses as to financial data from 2009 to 2019.

The Court **GRANTS** the Motion to the extent that Fifth Third seeks federal tax returns from 2012 to 2019. Westwood Zamias shall continue to supplement its Discovery Responses with tax returns from 2012 to 2019, as they become available.

The Court **DENIES** the Motion to the extent that Fifth Third seeks financial data from 2009 to 2011—the years before the parties entered into the Collateral Assignment.

Moreover, the Court **DENIES** Fifth Third's request for other financial documents (aside from tax returns) from the 2012 to 2019 time period. Fifth Third may review its records, including the electronic-storage disks, and file a renewed motion to compel if the tax returns from 2012 to 2019 and the documents already in its possession do not provide enough information on Westwood Zamias's financial situation.

### B. Lease Agreements 2012 – 2019

Fifth Third also seeks to compel the production of lease agreements from Westwood Zamias from the 2012 to 2019 time period. (ECF No. 27 ¶ 34(a).)

Fifth Third argues that these lease agreements contain relevant financial information. While this may be true, such information is likely duplicative of information already provided in other sources, namely Westwood Zamias's tax returns.

Accordingly, the Court will **DENY** Fifth Third's Motion to Compel Discovery Responses to the extent it seeks to compel the production of lease agreements.

## C. Interrogatories Related to Financial Institutions

Finally, Fifth Third seeks to compel responses to interrogatories from Westwood Zamias. The Court's understanding after oral argument is that only Interrogatory 6, which requests that Westwood Zamias identify all financial institutions where it maintained accounts from 2009 to the present (ECF No. 26 ¶ 24(a)), is still disputed.

Fifth Third argues that Westwood Zamias's financial institutions are relevant to its Complaint because it must accurately assess the distributions, dividends, cash, payments, profits, earnings, and revenue to which it is entitled under the Collateral Assignment. Westwood Zamias concedes in its Response that the information is relevant. (ECF No. 27 ¶ 21.) Westwood Zamias argues that it issued an informal response to Interrogatory 6 indicating the financial institution where its accounts are maintained. (*Id.*)

Because the parties agree that Interrogatory 6 requests at least some relevant information, the issues for the Court are (1) identifying the appropriate time period for this discovery and (2) determining whether Westwood Zamias should provide account information.

As explained previously, Fifth Third did not demonstrate the relevance of account information from prior to 2012. The relevant account information is limited to the 2012 to 2019 time period.

Fifth Third requests that Westwood Zamias provide account numbers that correspond with the accounts maintained at the identified financial institution. Fifth Third argues that account information would permit it to subpoena the financial institution for information related to Westwood Zamias's financial situation. At oral argument, Westwood Zamias seemed amenable to this position. Therefore, in addition to the identification of the financial institution,

7

Westwood Zamias shall also provide Fifth Third with the corresponding account information or account numbers for accounts maintained from 2012 to 2019.

Accordingly, the Court will **GRANT IN PART** and **DENY IN PART** Fifth Third's Motion to Compel Discovery Responses as to Interrogatory 6. The Court **GRANTS** the Motion to the extent Fifth Third seeks account information and account numbers for accounts maintained from 2012 to 2019. The Court **DENIES** the Motion to the extent Fifth Third seeks account information for accounts maintained prior to 2012.

V.  **Conclusion**

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Fifth Third's Motion to Compel Discovery Responses (ECF No. 26).

A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIFTH THIRD BANK, *an Ohio Banking Corporation*, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:18-cv-143<br><br>JUDGE KIM R. GIBSON |
| Plaintiff, | | |
| v. | | |
| WESTWOOD ZAMIAS LIMITED PARTNERSHIP, | | |
| Defendant. | | |

<u>ORDER</u>

AND NOW, this \_\_13th\_\_ day of March, 2019, **IT IS HEREBY ORDERED** that the Motion to Compel Discovery Responses (ECF No. 26) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

(1) The Motion is **GRANTED IN PART** and **DENIED IN PART** as to financial documents from 2009 to 2019. It is **GRANTED** to the extent that Fifth Third seeks tax returns from 2012 to 2019. It is **DENIED** to the extent that Fifth Third seeks tax returns from before 2012. It is also **DENIED** to the extent that Fifth Third seeks other financial documents from 2009 to 2019.

(2) The Motion is **DENIED** as to lease agreements from 2012 to 2019.

(3) The Motion is **GRANTED IN PART** and **DENIED IN PART** as to information or account numbers for accounts maintained at financial institutions. It is **GRANTED** to the extent that Fifth Third seeks account information and numbers from 2012 to 2019. It is **DENIED** to the extent that Fifth Third seeks account information from before 2012.

BY THE COURT:

*/s/ Kim R. Gibson*

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE